IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| Mahdi Bayat | ) | |
| | ) | Case No: _____ |
|     Plaintiff, | ) | |
| | ) | |
|        v. | ) | Complaint |
| | ) | (Jury Demand) |
| | ) | |
| Michael Kelley, Ph.D., | ) | |
| Individually and as Senior Director | ) | |
| of Counseling Services, | ) | |
| | ) | |
| Creighton University | ) | |
| | ) | |
|     Defendants. | ) | |

COMES NOW the Plaintiff, Mahdi Bayat and state as follows:

**JURISDICTIONAL STATEMENT**

1. The Plaintiff invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and § 1332(a)(1) because the amount in controversy exceeds $75,000 and the parties are citizens of different states.

**GENERAL ALLEGATIONS**

2. That Mahdi Bayat, the Plaintiff is a resident of the State of California. That in 2009 and 2010 Mahdi Bayat was an enrolled student at Creighton University.

3. That Defendant Creighton University (hereinafter referred to as "Creighton"), is non-profit corporation organized and existing under the laws of the State of Nebraska, with its principle place of business in Omaha, Douglas County, Nebraska. Defendant Michael Kelley, Ph.D. (hereinafter "Kelley") is a resident of Nebraska and works and at all times relevant worked professionally in Nebraska as the Director of Creighton University's Counseling Services department.

4. That Defendants, at all times hereinafter mentioned, held themselves out through residents, physicians, psychologist, agents, representatives, employees, medical and counseling staff, as capable of making and/or giving proper medical and psychological care, including the rendering of proper diagnosis and treatment of conditions, signs and symptoms arising from any cause, and as necessary capable of referring individuals seen by them to other medical professionals. That the Defendant invited the public and in particular students including the Plaintiff to use its facilities including medical and counseling services provided by Kelley. That Creighton though tuition, student fees or otherwise, charged Plaintiff for such services. That the Creighton rendered consideration to the Defendants.

5. That Defendants individually and by and through their nurses, nurses' aides, residents, physicians, psychologist, agents, representatives, employees, medical and hospital staff, including, but not limited to, Defendant Kelly, undertook to render proper medical and psychology care and assistance to Plaintiff and that then and there it became the duty of each Defendant to exercise reasonable care to insure that Plaintiff received proper medical and psychological care, monitoring and attention while either or both a student and patient.

6. That any negligence alleged and found against Creighton's physicians, agents, representatives and employees, including Defendant Kelly, is imputed to Creighton pursuant to the doctrine of respondeat superior.

7. That the Defendants made it known to the Plaintiff and to the public at large that on occasion a student may have needs that are beyond what Creighton's department of Counseling Services is designed to offer and in such instances, the Defendants undertook and let the Plaintiff and others know that they undertook an obligation and duty to refer and facilitate appropriate treatment in such cases.

8. That Defendant, Kelley (hereinafter referred to as "Kelly"), is and at all times relevant was under the laws of the State of Nebraska a duly licensed practicing psychologist. That at all times hereinafter mentioned, Defendant Kelly held himself out to Plaintiff that he was a proper and qualified psychologist with experience and training in the proper treatment of mental health.   That Defendant Kelley invited the public and in particular Creighton students, including Plaintiff, to use his services. That Kelley undertook to render proper medical and psychological care to insure that Plaintiff received and obtained proper

examination, diagnosis, treatment, care and attention.

9. That to the extent that the Defendants, are qualified under the Nebraska Hospital-Medical Liability Act Plaintiff pursuant to Neb.Rev.Stat. §44-2840, waives his right to a panel review and elects to proceed with this Complaint in the U.S. District Court of Nebraska. That Plaintiff has complied with §44-2801, et seq., and that a copy of this Complaint was mailed by United States Mail, to the Department of Insurance for the State of Nebraska. That the Nebraska Hospital-Medical Liability Act, and the criteria established under said act do not promote the health, safety or general welfare of the public and serve no public purpose in that these statutes may limit the amount of monetary recovery available to a claimant such as the Plaintiff without any reasonable basis or relationship to the injuries sustained by Plaintiff and, therefore, are consequentially in conflict with the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, as well as Sections I, III, XVI, XXI and XVI of Article I of the Constitution of the United States of America.

10. That Plaintiff was examined by Creighton University's Director of Counseling Services, Dr. Kelley on February 27, 2009. That Dr. Kelley was acting as a licensed psychologist on behalf of Creighton at the time of the examination, That Dr. Kelly determined that the Plaintiff was suffering from a specific condition generally recognized in his profession and specifically recognized under the Diagnostic and Statistical Manual and enter such condition with reference to its diagnostic code in the Plaintiffs medical records as his number 1 assessment. This "assessment" (hereinafter the "Assessment") was not shared with or communicated to the Plaintiff. No or alternatively grossly inadequate treatment was provided on account of the Assessment.

11. That at the time of the initial examination and during at all times subsequent through May of 2010 the condition referred to in the Assessment was readily apparent. Any treating or examining doctor or psychologist exercising reasonable care would have been able to identify the condition identified by Kelley on February 27, 2009 and should have been able to render an appropriate diagnosis.

12. That Kelley continued to see and "treat" the Plaintiff through May of 2010.

13. That Plaintiff did not learn about the Assessment or in the alternative the diagnosis made by Kelley until August of 2010.

14. That by not communicating the Assessment Kelley failed to properly diagnose the Plaintiff; or alternatively that the Defendants failed to share or communicate the diagnosis with the Plaintiff.

15. That the Defendants failed to treat the Plaintiff, failed to properly treat the Plaintiff, failed to refer the Plaintiff to a healthcare provider, counsel or psychologist who could treat the Plaintiff, failed to proscribe appropriate treatment and medication, and failed to secure appropriate treatment for the Plaintiff.

16. That Kelley at all times relevant and set forth herein held himself out as capable of rendering diagnosis and treatment at or above the standard of care reasonably expected of a licensed psychologist serving as the Director of Counseling services at a well-regarded longstanding university.

17. That the Defendant, Kelly undertook to render medical and psychological care and assistance to Plaintiff and it was his duty to exercise reasonable care to insure that the Plaintiff received proper examination, treatment, and care.

18. That the Defendant, Creighton undertook to render medical and psychological care and assistance to the Plaintiff and had a duty to exercise reasonable care to insure that the Plaintiff received proper examination, treatment, and care during the period January 2009 through August 2010.

19. That as a direct and proximate result of the negligence of Defendants acting by and through their agents, representatives and employees including Kelly, the Plaintiff needlessly suffered emotional distress, physical pain, and incurred significant monetary loss including loss of future income.

20. That Kelley in rendering professional services failed to use the ordinary and reasonable care, skill, and knowledge ordinarily possessed and used under like circumstances by other professionals practicing in both locally and nationally, where the standard of care applied locally is derived from and in conformity with the national standard.

21. That as a direct and proximate result of the negligent care, or alternatively failure to render care to the Plaintiff suffered many injuries and symptoms, including emotional distress, physical pain, and has incurred significant monetary loss including loss of future income.

## FIRST THEORY OF RECOVERY
## NEGLIGENCE

22. Plaintiff by this reference incorporates all of the preceding paragraphs contained in this complaint, as applied to this First Theory of Recovery, as if fully set forth herein.

23. That the Defendants, and each of them, negligently treated and cared for Plaintiff in one or more of the following particulars, to wit:

    a. Defendants negligently and carelessly failed to properly evaluate and diagnosis the Plaintiff's medical condition;
    b. Defendants negligently failed to utilize standard of care techniques to resolve the Plaintiffs readily apparent condition.
    c. Defendant Kelley negligently and carelessly failed to use the degree of skill and care required of a licensed psychologist and possessed by average qualified members of such profession taking into account advances in the profession;
    d. Defendants negligently and carelessly failed to perform and measure up to the requisite standard of due care and skill required and observed by licensed psychologist and in further particulars, presently unknown to Plaintiff, but which is verily believed and alleged will be disclosed upon proper discovery procedures in the course of this litigation.

24. That each of the above-described specifications of negligence contained in the preceding paragraph and subparagraphs were the proximate cause of Plaintiff's injuries.

25. That as a direct and proximate result of the negligence:
    a. Plaintiff suffered an exasperation of existing physical conditions, mental anguish and emotional distress.
    b. Plaintiff has been forced to expend sums of money for medical treatment.

c. Plaintiff needlessly incurred additional cost associated with his enrolment at Creighton in 2009 and 2010.
d. Plaintiff lost significant time,
e. Plaintiff's performance at and status with Creighton was adversely impacted, and
f. Plaintiffs earning capacity and future income stream have been significantly impaired and reduced.

26. The amount of the damages set forth above shall be determined at trial.

WHEREFORE, Plaintiff, Mahdi Bayat, prays for judgment against the Defendants in a reasonable amount as will compensate him for all loss, together with pre and post judgment interest, costs herein expended, and such other and relief as determined by the Court to be just and equitable.

Submitted on this the 26th day of February, 2011.

Mahdi Bayat, Plaintiff,

By:   /s/ Brent W. Nicholls
Brent Nicholls, #22146
Kasaby & Nicholls, LLC
300 South 19th Street, Suite 300
Omaha, Nebraska 68102
(402) 502-0600